The final matter today is number 152520 United States v. J.C.D. In focusing on the seriousness of the offense, the judge instead of getting to the issue of whether the juvenile was the leader of this group of three that carried out the carjacking, describes him as nevertheless being the aggressor and then goes into some detail about what he did. You say the judge did not have the transcript. Where did the judge get those facts that he focused on? Did they come right out? I mean the magistrate wrote a long decision. Did those come right out of the magistrate judge's decision? They came out of the government's objection to the report and recommendation of the magistrate judge, which denied the government's motion to transfer. So he acquired that from the government's motion. Some of it is based on the transcripts that the government cited, but the judge itself did not have or did not indicate he had a copy of the transcripts at the moment he made his decision based solely on the seriousness of the offense, without doing the balancing required by Section 5032. It seems to me just sort of getting to the essence of what the judge did. I mean he actually says, he saw the judge's decision, he's got the objections, and, you know, he says all the findings are supported, but looking at the six factors that I'm supposed to in the interest of justice, he says the most important is the seriousness of the offense, and on that basis decides to transfer. I mean it's as if he accepts the findings, but chooses to reject the recommendation, and that seems to be entirely within his authority under the law. So I'm trying to understand, why does it matter so much that he didn't have the transcript? Because it's a de novo determination, and to comply with a de novo determination, he has to know what all the factors meant, what was in support of them, to give more weight to one, which he can. I agree with the court. He can give all the benefit to say that the seriousness of the offense is so high that it overrides all the other factors. But to do that, he has to understand what all the factors are, what all the evidence is to each and every factor, and then make his determination that the overriding factor here is the seriousness of the offense, and therefore, based on that alone, I will transfer it to adult. He can do that. The problem is he never did that. He never understood or indicated that he knew all the supporting evidence for the other factors to make that balancing as required by 5032 to then make his decision. As a practical matter, the question that just occurs to me is, given that the report and recommendation was favorable to your client and was favorable notwithstanding the seriousness of the offense, because of the findings the magistrate made about how all the other factors played out, and given that this judge concludes that I take everything the magistrate has said as to those other factors to be true, what was the prejudice to your client if, in fact, this judge didn't look at the transcripts? Because he's already crediting findings that would have supported going the other way, but he's simply saying the seriousness of the offense, in my judgment, is just too great and outweighs that. Just practically speaking, what is the sense in sending it back for him to look at the transcripts since he's relying on a magistrate judge report when it's looked at those transcripts and made findings favorable to your client which are being accepted by this judge? Because it would have allowed us, if we had had the noble determination to address the issue of the seriousness of the offense in more detail if the judge had indicated that that was where he was leaning to, he just simply decided at the hearing, a hearing which not even the defendant was present, that he was just going to give the weight to the one factor, which was the seriousness of the offense. And by not going through all the factors, and I think we admitted in our motion that that was a serious offense, and by not going through all the factors, his balance is not there. And he needs, by statute, he needs to balance, and he cannot balance without knowing. And even if he took all the findings of the court, the magistrate court, like you intimate, the due weight that he gave that factor was one of many which he never considered because he just went, based on his footnote, and I think it was footnote three, that he simply said, I will not even address the other objections by the government. So he never, that indicates he never even went into those factors. He just made a determination based on one and one only factor, and that's the weight of the evidence. And it's against the statute. And the remedy here is really simple. He needs to do an opinion with findings after reviewing the evidence, meaning the transcript, or if he would like to go and give us a full hearing, I'll be more than happy, but understanding his obligation under the statute, he would have to do a proper determination based on the full record. And at that point, if he chooses to do the same thing as he did now, there's nothing we can do about it. But because of the way he did it, I do not feel that he fulfilled his obligation under 5032 to do a balancing of all the factors, and that's really what you're objecting to, is that he just made a decision based on the brief by the government on the seriousness of the offense. He never even seen the juvenile, and I think it is inappropriate that he did not even read the transcript to make his determination because then he did not have the weight that the other factors should have carried. Again, he is entitled to make his own determination and give all the weight to one factor, but it has to be an informed decision by the judge to exercise his discretion. By not having read the transcript, that's where I believe the abuse of discretion, which is the standard of review here, comes in. By not having done his due diligence, if we want to put it that way, he abused his discretion. He could have arrived to the same conclusion, but he had to take steps A, B, and C under the statute. He did not. That is abuse of discretion. Thank you. If I may first correct the record. The court in this case, Judge Barron asked the question, where did the facts come from in this case? If you look at the opinion of the judge and compare it to the magistrate judge's report and recommendation on page 6, almost entirely the factual basis came from the actual magistrate judge's recommendation, other than basically two lines regarding after the fact, after the carjacking of the person was released. Just to clarify for the record that it did come from the magistrate report and recommendation, which was unobjected to by the defendant in this case, J.C. Dean. Now, in this case, the factor is the plain language allows the court to make, if you look at it, of 5032, allows the court to rely even on the magistrate report, because it did make its recommendation and determinations of factors. And what the court determined was five of the factors ruled in favor of the defendant based on the magistrate report. And if the plain language allows the court to use the magistrate's report and recommendation, and in this case, Wellington, the case cited by the government at 102 Fed Third, page 505, if you look at that, it allows the court to look at those factors and rely on it. Now, as for the interest of justice factor, especially the fact of seriousness of defense, the court can rely on that, too. This court has held in Smith. That factor alone is sufficient enough to uphold the recommendation for transfer to juvenile status. That case is also cited by the government in its brief. So based on this factor, the court took what the magistrate had done, agreed with five of the six factors, and based and balanced it on its own, because the judge in its case, the magistrate had said mercy. Now, mercy, the court said, using legal aspects of it, decided no. In this case, mercy can go either way, for the public or for the defendant. In this case, found the seriousness of the offense was a reason to go forward with it to be transferred to an adult status. Anyway, the court in this case did not abuse its discretion. Any other questions, we rely on the brief. Thank you. I will not waste the court's time. I just have one sentence on the issue of mercy. Mercy plays a role in everything we do, especially mitigation. In this case, I do not object to the use of the word mercy. That was a proper balancing by the magistrate judge. The judge did not agree, but again, I think that when the judge, not having read all the transcripts, maybe he cannot see the mercy involved, because he cannot see in the transcript all the testimony of all those factors that were in favor of the defendant. And therefore, he cannot exercise mercy or he cannot exercise his proper discretion without such documentation material in front of him. Thank you.